UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

Jin Zhi Bi, on behalf of herself and all others similarly situated

                Plaintiff,

- against -

ABC Corp. d/b/a Kung Fu Massage, Qin Ju Xia a.k.a Qiu Ju Xia a.k.a Lili

                Defendants.

Case No.

**COLLECTIVE & CLASS ACTION COMPLAINT**

**JURY TRIAL DEMAND**

---

Plaintiff Jin Zhi Bi ( "Plaintiff"), on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against Defendants ABC Corp. d/b/a Kung Fu Massage, Qin Ju Xia a.k.a Qiu Ju Xia a.k.a Lili ( "Xia" or "Defendant") (collectively "Defendants") allege and show the Court the following:

**NATURE OF THE ACTION**

1.     Plaintiff alleges, on behalf of herself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 2 16(b), that they are entitled to: (i) unpaid wages from defendants for work performed for which they received no compensation at all; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §20l et seq.

2. Plaintiff further complains on behalf of herself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.civ.P. 23, that they are entitled to: (i) unpaid wages from defendants for work performed for which they received no compensation at all; (ii) unpaid minimum and unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, costs, interest and attorneys' fees pursuant to the connecticut Minimum Wage Act ('CMWA"), conn. Gen. Stat. § 3 1-68(a), 3 1-72.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the State of Connecticut.

## THE PARTIES

7. Plaintiff was, at all relevant times, an adult individual residing in Flushing, New York.

8. Plaintiff was employed by Defendants from on or around September 2013

to present, as a massage therapist at Defendants' massage parlor Kung Fu Massage inside the Connecticut Post Mall at 1201 Boston Post Rd #2014, Milford, CT 06460.

9. Upon information and belief, Defendant ABC Corp. is a domestic business organization organized under the laws of the state of Connecticut with a principal place of business at 1201 Boston Post Rd #2014, Milford, CT 06460. Defendant ABC Corp. is an owner and operator of Kung Fu Massage. Defendant ABC Corp. is at all relevant times an employer of Plaintiff under state and federal law.

10. Upon information and belief, Defendant Xia is an owner, officer, shareholder, and manager of ABC CORP. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at the massage parlor, establish their wages, set their work schedules, and maintain their employment records. Defendant Xia is a resident of New York.

11. Upon information and belief, during the times relevant to this Complaint, Defendants have generated more than $500,000 in revenues every year from 2014 to the present.

12. Upon information and belief, Defendant ABC Corp. d/b/a Kung Fu Massage handled goods moved in interstate commerce.

13. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

14. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

15. Defendants employed the Plaintiff as employees within the meaning of FLSA § 203.

**COLLECTIVE ACTION ALLEGATIONS**

16.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since January 2015 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least ten (10) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

18.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

19.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

There will be no difficulty in the management of this action as a collective action.

20. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and g. whether Defendants should be enjoined from such violations of the FLSA in the future.

## CLASS ALLEGATIONS

21. Plaintiff sues on her own behalf and on behalf of a class of persons under

Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22. Plaintiff brings his Connecticut Labor Law claims on behalf of all persons who are or were formerly employed by Defendants since January 2016 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the Connecticut Labor Law and have not been paid wages and overtime wages in violation of the Conn. Gen. Stat. § 3 1-68(a), 3 1-72 (the "Class Members").

23. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of ten (10) members of the Class during the Class Period.

24. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy--particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

25. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26. Plaintiff has committed herself to pursuing this action and they have retained competent counsel experienced in employment law and class action litigation.

27. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

28. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendants employed the Class Members within the meaning of the Connecticut Labor Law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of Conn. Gen. Stat. § § 31-68(a), 3 1-72;

e. whether Defendants' violations of Conn. Gen. Stat. §sS 31-68(a), 31-72 are willful;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g. whether Defendants should be enjoined from such violations of Conn. Gen. Stat. § § 31-68(a), 31-72 in the future; and

h. whether Defendants failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules as required by Conn. Gen. Stat. § 31-71f.

## STATEMENT OF FACTS

29. Plaintiff was employed by Defendants from September 2013 to present, as a massage therapist at Kung Fu Massage. Plaintiff provides typical massage services including but not limited to foot massage, body work, and neck/back massage.

30. During her employment, Plaintiff regularly worked seven (7) days a week with each work day ran from around 10/10: 30 am to around 9:00 pm. Plaintiff is not allowed to leave the premise and have to be on-call for work throughout the day. Plaintiff was not afforded any break during which she was completely relived from duty and was not subject to any job assignments. Plaintiff therefore worked at least around seventy-three and a half hours (73.50) a week.

31. Plaintiff has no base salary and is paid by commission only. Plaintiff's commission is tied to the number of customers Plaintiff would serve each day and the dollar amount a customer would pay for the specific massage service Plaintiff provided. Specifically, for the period from September 2013 to August 2016, plaintiff would receive fifty percent (%50) of the amount that a customer paid for the specific massage service she rendered and Defendants would keep the other 50%.[1] From mid-August 2016 to present, similar arrangement remains but the split between the Plaintiff and Kung Fu Massage changed to 40% -60%, Defendants would retain 60% of the amount a customer paid for a specific type of massage services and Plaintiff would receive the rest 40% as commission. The amount of commission Plaintiff would receive on a weekly basis varied. During the period Plaintiff had the 50%-50% commission arrangement, Plaintiff's weekly commission was about $800 for a good week and about $500 for a bad week. After the arrangement

---

[1] If a customer paid $50 (exclusive of any tip) for the foot massage done by the Plaintiff, Plaintiff would receive $25 as commission.

became 40%-60%, Plaintiff's weekly commission is about $600 or $700 for a good week and about $400 for a bad week.

32.  Plaintiff was paid entirely by cash and the commission was supposed to be calculated daily and paid daily. Starting from on or around April 2014 to on or around December 2016, Defendants failed to make some of the commission payment owed to the Plaintiff, the nonpayment happened to random days and/or weeks during this period. [2] In aggregate, Defendants failed to pay Plaintiff her commission earned in the amount around $5,000 for the period on or around April 2014 to on or around December 2016.

33.  Plaintiff regularly received tips from the customers. On average, Plaintiff would receive around $350 in tips per week. Plaintiff was receive any notice from Defendants regarding their intention to use "tip credit" against the minimum wage.

34.  Other employees at Kung Fu Massage worked similar amount of hours as Plaintiff worked and was compensated the same way that Plaintiff did. Despite that Plaintiff and each of Kung Fu Massage's workers were required to work for Defendants well in excess of forty (40) hours per week, frequently requiring them to work over seventy (70) hours per week, yet Defendants failed to pay its employees overtime compensation for hours worked in excess of forty hours per week as required by the law.

35.  During all relevant time to the instant matter, Defendants failed to adopt any means ( time cards, sign-in and out sheet etc.) to accurately record the amount of hours its employees worked.

36.  Defendants willfully failed to post a notice explaining the Fair Labor

---

[2] For instance, Defendants may failed to pay Plaintiff commission for two weeks in May 2015 and then for another week in July 2017.

Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. § 516.4.

37. Defendants, in contravention of Conn. Gen. Stat. § 31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

38. Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

39. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

40. The work performed by Plaintiff required little skill and no capital investment.

41. Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

42. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

43. At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

44. Defendants willfully failed to pay Plaintiff the federal statutory minimum wage throughout her entire employment in violation of 29 U.S.C. § 206(a)(1).

45. Defendants willfully failed to pay Plaintiff for all hours worked in excess of forty hours per week for each week, in violation of 29 U.S.C. § 207(a)(1).

46. As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 211(c).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Defendants are jointly and severally liable to all workers for violations of their rights under federal law.

49. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid wages, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF:
### CONNECTICUT WAGE AND HOUR LAW

50. Plaintiff on behalf of herself and all other members of the Class repeats and

realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

51. Defendants willfully violated Plaintiff's rights by failing to pay her compensation for all hours worked, the state statutory minimum wage as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

52. Defendants willfully failed to distribute records of hours worked, earnings and overtime to the workers, in violation of Conn. Gen. Stat. § 31-13a.

53. Defendants willfully failed to keep records of hours worked by the massage parlor workers, in violation of Conn. Gen. Stat. § 31-66.

54. Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

55. Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71f.

56. Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

57. As a result of these violations, Plaintiff suffered damages.

58. Defendants are jointly and severally liable to Plaintiff for violations of her rights under state law.

59. Due to the Defendants' CMWA violations, Plaintiff is entitled to recover from Defendants twice amount of her unpaid wages, unpaid minimum wages and unpaid overtime

compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

### THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

60. Plaintiff on behalf of himself and all other members of the Class repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61. Defendants collectively entered into oral, written, and/or implied contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

62. Plaintiff fulfilled her contractual obligations by laboring for the benefit of Defendants.

63. Defendants breached the contracts with Plaintiff by failing to pay contractually established wages for work performed by Plaintiff.

64. Defendants' contracts with Plaintiff implied payment of overtime wages, in accord with federal and state law.

65. Because of Defendants' breach of contract, Plaintiff suffered from a loss of expected wages.

66. Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

67. Plaintiff is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

### FOURTH CLAIM FOR RELIEF:
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

68. Plaintiff on behalf of himself and all other members of the Class repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. Defendants collectively entered into written and/or oral contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

70. Plaintiff fulfilled her contractual obligations by laboring for the benefit of Defendants.

71. Defendants, in bad faith, denied Plaintiff the benefit of the contract by failing to pay the contractually established wages.

72. Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiff.

73. Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff suffered from a loss of expected wages.

74. Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

75. Plaintiff is entitled to monetary damages equal to the amount they agreed upon, plus interest.

### FIFTH CLAIM FOR RELIEF:
### UNJUST ENRICHMENT & QUANTUM MERUIT

76. Plaintiff on behalf of himself and all other members of the Class repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and

effect as though fully set forth herein.

77. By laboring at Defendants' massage parlor, Plaintiff provided benefits to Defendants.

78. Plaintiff expected to be compensated for the labor he provided to Defendants. Defendants' unjust failure to pay Plaintiff wages for all labor performed constituted a distinct detriment to the Plaintiff.

79. Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under

       the FLSA and the CMWA;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of overtime compensation and minimum wages due under the FLSA and the CMWA;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as minimum wage and overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

h. An award of damages arising out of the non-payment of wages;

i. An award of prejudgment and post-judgment interest;

j. Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York  January 3, 2018     HANG & ASSOCIATES, PLLC.

   */S/ JIAN HANG*
Jian Hang (ct29549)
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Kung Fu Massage, Qinju Xia and/or related entities and individual. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Jin zhi Bi
Full Legal Name (Print)

Jin zhi Bi
Signature

1/3/2018
Date

18